13-2353
Zheng v. Lynch

BIA
Zagzoug, IJ
A089 880 293

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand sixteen.

PRESENT:
> ROSEMARY S. POOLER,
> DENNY CHIN,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

XIU ZHENG,
> *Petitioner,*

v.                                    13-2353
                                      NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL[1],
> *Respondent.*

_____

FOR PETITIONER:          Lee Ratner, Law Offices of Michael Brown, New York, New York.

---

[1] Loretta E. Lynch is automatically substituted as the respondent in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).

**FOR RESPONDENT:**            Stuart F. Delery, Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Franklin M. Johnson, Jr., Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xiu Zheng, a native and citizen of the People's Republic of China, seeks review of the BIA's May 21, 2013 decision, affirming an Immigration Judge's ("IJ") February 14, 2012 denial of his application for asylum and withholding of removal on credibility grounds, and denying in the first instance his motion to remand. *In re Xiu Zheng*, No. A089 880 293 (B.I.A. May 21, 2013), *aff'g* No. A089 880 293 (Immig. Ct. N.Y. City Feb. 14, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271

2

(2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008); *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005).

**Adverse Credibility Determination**

The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's demeanor, and inconsistencies in his statements and other record evidence regardless of whether the inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Zheng was not credible.

The agency reasonably relied in part on Zheng's demeanor, noting that he appeared to testify from a memorized script. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). The agency's demeanor finding and the overall credibility determination are bolstered by record inconsistencies related to what year Zheng was detained in China, where he lived when he first arrived in the United States, whether his sister was in compliance with her U.S. visa, and how he

3

obtained a copy of his passport from China. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006); *see also Xiu Xia Lin*, 534 F.3d at 165-66. Having questioned Zheng's credibility, the agency reasonably relied further on his failure to provide certain evidence corroborating his claim or rehabilitating his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Given the demeanor, inconsistency, and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence, and is dispositive of Zheng's claims for asylum and withholding of removal. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Accordingly, we do not reach the agency's alternative basis for denying asylum—Zheng's failure to timely file his application.

**Motion to Remand**

"A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen." *Li Yong Cao*, 421 F.3d at 156. Therefore, the agency may deny a motion to remand based on "the movant's failure to . . . [provide] material, previously unavailable evidence that would be introduced at a new hearing." *Id.*

4

We find no error in the BIA's determination that Zheng's sister's affidavit was previously available and could have been presented at his hearing before the IJ.  *See* 8 C.F.R. § 1003.2(c)(1); *Norani v. Gonzales*, 451 F.3d 292, 294 & n.3 (2d Cir. 2006) (per curiam) (looking to the date on which the IJ closed the record as the date before which the evidence must have been unavailable).  Accordingly, the BIA did not abuse its discretion in denying Zheng's motion to remand.  *See Li Yong Cao*, 421 F.3d 156-57.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5